**UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

_____

GAGE WAXLER,

          Plaintiff,

vs.

ALL GREEN TRANSPORT, LLC,
a Michigan limited liability company

and

CHARLES E FISHER
an individual.

          Defendants.

Civil Action No.: 1:23-cv-897

HON.

_____

Bradley K. Glazier (P35523)
Robert M. Howard (P80740)
BOS & GLAZIER, P.L.C.
A division of Cunningham Dalman, P.C.
Attorneys for Plaintiff
940 Monroe Avenue, N.W., Suite 253
Grand Rapids, MI 49503
(616) 458-6814

_____

**COMPLAINT AND JURY DEMAND**

Plaintiff Gage Waxler, by his counsel, Bos & Glazier, a division of Cunningham Dalman PC, states as his Complaint against defendants All Green Transport, LLC ("AGT") and Charles E. Fisher ("Fisher") as follows:

1

## JURISDICTIONAL ALLEGATIONS

1. Gage Waxler, on behalf of himself and all similarly-situated individuals, brings this action against defendants AGT and Fisher. Plaintiff seeks appropriate monetary, declaratory, and equitable relief based on defendants' willful failure to compensate plaintiff and similarly-situated individuals with overtime as required by the Fair Labor Standards Act ("FLSA").

2. This is an action brought under the Fair Labor Standards Act ("FLSA") of 1938, as amended, 29 U.S.C. § 201, *et seq.*, for defendants' failure to pay plaintiff overtime for hours worked in excess of 40 hours per week.

3. This court has subject matter jurisdiction over the FLSA claim pursuant to 28 U.S.C. § 1331, as it is a civil action arising under the laws of the United States.

4. Gage Waxler is a citizen of the United States and the State of Michigan. He resides in Kalkaska County.

5. Waxler was an individual employed by defendants and was a covered "employee" pursuant to 29 U.S.C. § 203(e).

6. Defendant AGT transports marijuana and cash for marijuana dispensaries and growers. AGT's principal place of business is located at 91 W. Park Dr., Kalkaska, Michigan 49646.

7. AGT is an "enterprise engaged in commerce or in the production of goods for commerce" as it had "employees engaged in commerce or in the production of goods for commerce" and "is an enterprise whose annual gross volume of sales made or business done is not less than $500,000 . . . ." 29 U.S.C. § 203(s)(1)(A). As such, AGT was a covered enterprise under the terms of the FLSA.

8. Defendant Fisher is the President of AGT

9. Defendant Fisher was a "person acting directly or indirectly in the interest of an employer in relation to an employee." 29 U.S.C. § 203(d). As such, Fisher was a covered "employer" under the terms of the FLSA.

10. All drivers at the defendants' business, including plaintiff, have been subject to the same employment policies and practices, including policies and practices with respect to overtime.

11. Plaintiff brings this action on behalf of himself and similarly situated current and former drivers who elect to opt in pursuant to FLSA, 29 U.S.C. § 216(b) to remedy violations of the FLSA wage and hour provisions by defendants.

12. Under 28 U.S.C. § 1331 and 29 U.S.C. § 216(b), this Court has jurisdiction over plaintiff's FLSA claims.

13. Venue in this Court is proper under 28 U.S.C. § 1391(b) because the parties reside in this district and a substantial part of the events giving rise to the claims raised occurred in this district.

**GENERAL ALLEGATIONS**

14. AGT and Fisher have direct or indirect control of the terms and conditions of Waxler's work and the work of similarly situated drivers and also exercise that authority.

15. During all relevant times, AGT and Fisher also exercised operational control over the drivers, including, but not limited to, control over recruiting and training of drivers, compensation of drivers, job duties of drivers, reporting of tips, appearance and conduct standards, drivers work schedules, and work assignments.

16. AGT's gross revenue exceeds $500,000 per year.

17. At all relevant times, by virtue of his role as owner and operator of AGT, Fisher had financial control over AGT

18. At all relevant times, by virtue of his role as owner and operator of AGT, Fisher have had a role in significant aspects of AGT's day-to-day operations.

19. At all relevant times, by virtue of his role as owner and operator of AGT, Fisher have had control over AGT's pay policies.

20. At all relevant times, by virtue of his role as owner and operator of AGT, Fisher had power over personnel and payroll decisions at AGT, including but not limited to influence over driver pay.

21. At all relevant times, by virtue of his role as owner and operator of AGT, Fisher have had the power to hire, fire and discipline employees, including drivers at AGT

22. At all relevant times, by virtue of his role as owner and operator of AGT, Fisher have had the power to stop any illegal pay practices that harmed drivers at AGT

23. At all relevant times, by virtue of his role as owner and operator of AGT, Fisher had the power to transfer the assets and liabilities of AGT

24. At all relevant times, by virtue of his role as owner and operator of AGT, Fisher have had the power to enter into contracts on behalf of AGT

25. At all relevant times, by virtue of his role as owner and operator of AGT, Fisher had authority over the overall direction AGT, and was ultimately responsible for its operations.

26. AGT functions to generate profits for its members.

27. Fisher had influence over how AGT ran its business and generated profits.

28. Fisher is individually liable to AGT's drivers under the definitions of "employer" set forth in the FLSA because he owns and operates AGT, serves as manager of AGT, ultimately controls significant aspects of AGT's day-to-day functions, and ultimately controls compensation of employees. 29 U.S.C. § 203(d).

## INDIVIDUAL ALLEGATIONS

29. Plaintiff Waxler resides in Kalkaska, Michigan, and worked within the boundaries of the Western District of Michigan.

30. Waxler has given written consent to join this action. (Exhibit 1).

31. Waxler began his employment at AGT in September 2021.

32. Waxler was hired as a secure transport driver. His duties were to drive to and from marijuana facilities throughout Michigan's Upper and Lower Peninsulas to transport marijuana.

33. The vehicles and fuel were provided to the workers by AGT.

34. As part of his hiring, Waxler underwent a background check, provided his driver's record, and submitted to a drug screen.

35. Fisher issued Waxler an AGT shirt, hat, and name tag to wear while working.

36. AGT classified Waxler as an independent contractor. (Exhibit 2).

37. AGT and Fisher improperly classified all its drivers as independent contractors.

38. Waxler was paid $20.00 an hour for all hours worked.

39. No taxes were withheld from Waxler's pay.

40. Waxler was not paid overtime if he worked over 40 hours in a week.

41. Waxler frequently worked over 40 hours a week.

42. AGT provided the work schedule to its workers generally the day before their shift. (Exhibit 3).

43. AGT and Fisher determined the time that Waxler and other workers arrived at their destinations. (Exhibit 4).

44. AGT and Fisher determined the scheduled order of the stops made by their drivers.

45. Neither Waxler nor the other drivers contributed any equipment to AGT.

46. No special skills were required to perform the duties of a secure transport driver.

47. AGT provided training on its practices and procedures to Waxler and other workers.

48. Through December, 2002, AGT and Fisher did not provide their drivers records of hours worked.

49. In January of 2022, AGT and Fisher began issuing pay stubs to their drivers that showed the number of hours worked, the hourly rate, and the amount paid to each driver.

50. AGT and Fisher required each of its vehicles to be staffed with two people to satisfy Michigan's requirements for marijuana transportation.

51. AGT and Fisher determined which drivers would work together.

52. On or about December 22, 2022, Waxler requested to only work with certain drivers due to interpersonal differences.

53. After Waxler's request, AGT and Fisher removed Waxler from the schedule completely.

54. On February 27, 2023, Fisher notified Waxler that his "services as an independent contractor for All Green Transport will no longer be required."

55. Waxler has been harmed by the actions and inactions of AGT and Fisher.

## COLLECTIVE ACTION ALLEGATIONS

56. Plaintiff brings Count I on behalf of himself and all similarly situated current and former drivers employed at AGT, operated, and controlled by defendants, during the three years prior to the filing of this Collective Action Complaint and the date of final judgment in this matter, who elect to opt-in to this action (the "FLSA Collective").

57. At all relevant times, Plaintiff and the FLSA Collective have been similarly situated, have had substantially similar job duties, requirements, and pay provisions, and have all been subject to defendants' decisions, policy, plan, practices, procedures, protocols, and rules of willfully refusing to pay Plaintiff and the FLSA Collective overtime for hours worked over forty hours a week. Plaintiff's claims are essentially the same as those of the FLSA Collective.

58. Defendants' unlawful conduct is pursuant to a corporate policy or practice.

59. Defendants are aware or should have been aware that federal law required them to pay employees overtime for all hours worked over 40 hours.

60. Defendants' unlawful conduct has been widespread, repeated, and consistent.

61. The action is properly brought under and maintained as an opt-in collective action under 29 U.S.C. § 216(b).

62. The FLSA Collective members are readily identifiable and ascertainable.

63. For the purpose of notice and other purposes related to this action, the FLSA Collective members' names and contact information are readily available from defendants' records.

64. In recognition of the services Waxler has rendered and will continue to render to the FLSA Collective, Waxler will request payment of a service award upon resolution of this action.

### COUNT I
### VIOLATION OF FAIR LABOR STANDARDS ACT
**(Failure to Pay Overtime**
**(On Behalf of Plaintiff and the FLSA Collective)**

65. Plaintiff restates and incorporates the following allegations as if fully rewritten herein.

66. Waxler and the FLSA Collective worked more than forty hours in one or more workweeks.

67. AGT and Fisher did not pay Waxler and the FLSA Collective at least one-and-a-half times their regular hourly rate for time worked in excess of forty hours per workweek.

68. By not paying Waxler and the FLSA Collective proper overtime wages for time worked in excess of forty hours in a workweek, AGT and Fisher have willfully violated the FLSA.

69. As a result of AGT and Fisher's willful violations, Waxler and the FLSA Collective are entitled to damages, including, but not limited to, unpaid wages, liquidated damages, costs, and attorneys' fees.

70. Under the FLSA, 29 U.S.C. § 207(a)(2), unless an employee is exempt, "No employer shall employ any of his employees who in any workweek is engaged in commerce or in the production of goods for commerce...for a workweek longer than forty hours ... unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed."

71. Waxler received a regular rate of $20.00 an hour.

72. By failing to pay Waxler and the FLSA Collective for their overtime hours at a rate not less than one and one-half times his regular rate of pay as required under the FLSA, AGT and Fisher violated 29 U.S.C. § 206 and 207, and Waxler and the FLSA Collective are entitled to the damages and compensation set forth in 29 U.S.C. § 216(b), including but not limited to, unpaid wages, liquidated damages, costs, and attorneys' fees.

73. AGT and Fisher's violations of the FLSA were not in good faith within the meaning of the Portal-to-Portal Act, 29 U.S.C. § 260, therefore, Waxler and the FLSA Collective are entitled to liquidated damages under 29 U.S.C. § 216(b).

WHEREFORE, Waxler and the FLSA Collective respectfully requests this court to enter a judgment in their favor and against AGT and Fisher as follows:

A.  Legal Relief

   (1) Compensatory damages for their unpaid overtime hours at a rate of one and one-half times his regular pay;

   (2) Liquidated damages equal to the amount of compensatory damages awarded; and

   (3) An award of interest, costs, and reasonable attorney fees and expert witness fees.

B.  Equitable Relief

 (1) An injunction prohibiting any further acts of wrongdoing and failure to pay wages or overtime wages;

 (2) Whatever other equitable relief appears appropriate at the time of final judgment.

        BOS & GLAZIER, P.L.C.

        A division of CUNNINGHAM DALMAN, P.C.
        Attorneys for Plaintiff

Date: August 24, 2023    By: _____*/s/ Bradley K. Glazier*_____
        Bradley K. Glazier (P35523)
        Robert. M. Howard (P80740)

        BUSINESS ADDRESS:
        940 Monroe Avenue, N.W., Suite 253
        Grand Rapids, Michigan 49503
        (616) 458-6814

## **JURY DEMAND**

Plaintiff, Gage Waxler, requests a trial by jury.

                                          BOS & GLAZIER, P.L.C.
                                          A division of CUNNINGHAM DALMAN, P.C.
                                          Attorneys for Plaintiff

Date: August 24, 2023                 By:   */s/ Bradley K. Glazier*
                                            Bradley K. Glazier (P35523)
                                            Robert M. Howard (P80740)

                                            BUSINESS ADDRESS:
                                            940 Monroe Avenue, N.W., Suite 253
                                            Grand Rapids, Michigan 49503
                                            (616) 458-6814