**UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

_____

GAGE WAXLER,
On behalf of himself and                                       Civil Action No.: 1:23-cv-897
those similarly situated                                        Hon. Jane M. Beckering

         Plaintiff,

v.

ALL GREEN TRANSPORT, LLC,
a Michigan limited liability company,

and

CHARLES E. FISHER,
an individual,

         Defendants.

### DEFENDANTS' MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT PURSUANT TO FED. R. CIV. P. 12 (b)(6)

### ORAL ARGUMENT REQUESTED

NOW COMES Defendants ALL GREEN TRANSPORT, LLC ("All Green Transport") and CHARLES FISHER ("Fisher") (altogether 'Defendants'), by and through their attorneys, Scott F. Roberts Law, PLC, and for the reasons and authorities set forth in the Brief attached to Defendants' Motion to Dismiss Plaintiffs' First Amended Complaint Pursuant to FRCP 12(b)(6) (the "Motion") hereby move this Court for an order in Defendants' favor dismissing all claims in Plaintiffs' First Amended Complaint (Dkt. #8) with prejudice.

Pursuant to Local Rule 7.1(d), on October 6, 2023, counsel for the parties conducted a meet and confer regarding concurrence for a motion seeking dismissal pursuant to FRCP 12(b)(6), which resulted in the filing of Plaintiff's First Amended Complaint. On October 16, 2023, counsel

for parties conducted a second meet and confer regarding Plaintiff's Amended Complaint.  The

parties were unable to agree that the pleading was curable in any party by a permissible amendment

offered by the pleading party necessitating the filing of this Motion and the request for sanctions

pursuant to FRCP Rule 11. A proposed order is attached.

Respectfully submitted,

Dated: October 30, 2023      */s/ Christine L. Constantino, Jr.*
                             Christine L. Constantino, Jr. (P80719)
                             Scott F. Roberts Law, PLC
                             500 Temple Street Suite 2M
                             Detroit, MI 48201
                             (248) 234-4060
                             christine@scottrobertslaw.com

**UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

_____

GAGE WAXLER,
On behalf of himself and                            Civil Action No.: 1:23-cv-897
Those similarly situated                            Hon. Jane M. Beckering

            Plaintiff,

v.

ALL GREEN TRANSPORT, LLC,
a Michigan limited liability company,

and

CHARLES E. FISHER,
an individual,

            Defendants.

**DEFENDANTS' BRIEF IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS**
**PLAINTIFFS' FIRST AMENDED COMPLAINT PURSUANT TO FED. R. CIV. P. 12**
**(b)(6)**

## I.     INTRODUCTION

On August 25, 2023, Plaintiff filed his Complaint against Defendants alleging violations

of the Fair Labor Standards Act of 1938 (29 U.S.C. §201) ("FLSA") on the basis of enterprise

coverage ("Complaint").[1] On October 6, 2023, counsel for the parties met and conferred regarding

the legal reasons for dismissal of the Complaint, which resulted in the filing of Plaintiff's First

Amended Complaint (the "FAC").[2]  The FAC expounds on Plaintiff's theories of liability under

_____

[1] Fair Labor Standards Act of 1938 (29 U.S.C. §201).
[2] Dkt. No. 8.

the FLSA by alleging liability under both individual coverage and enterprise coverage in addition to violations of the Michigan Workforce Opportunity Wage Act ("WOWA").[3]

As a result of the Motor Carrier Act exemption to the FLSA, the FAC fails to state a claim under which relief can be granted as the MCA exempts Plaintiff from the coverage set forth by the FLSA and WOWA.[4] Accordingly, dismissal of the FAC with prejudice is appropriate.

## II.   STATEMENT OF FACTS

Plaintiff's FAC alleges the following violations under the FLSA (in pertinent part):

75. AGT and Fisher did not pay Waxler and the FLSA Collective at least one-and-a-half times their regular hourly rate for time worked in excess of forty hours per workweek.[5]

76. By not paying Waxler and the FLSA Collective proper overtime wages for time worked in excess of forty hours in a workweek, AGT and Fisher have willfully violated the FLSA.[6]

77. As a result of AGT and Fisher's willful violations, Waxler and the FLSA Collective are entitled to damages, including, but not limited to, unpaid wages, liquidated damages, costs, and attorneys' fees.[7]

78. Under the FLSA, 29 U.S.C. § 207(a)(2), unless an employee is exempt, "No employer shall employ any of his employees who in any workweek is engaged in commerce or in the production of goods for commerce...for a workweek longer than forty hours ... unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed."[8]

79. Waxler received a regular rate of $20.00 an hour.[9]

---

[3] *See supra.*
[4] Motor Carrier Act of 1934 (49 U.S.C.S. § 31502); *see also* Fed. R. Civ. P. 12(b)(6).
[5] Dkt. No. 8.
[6] *See supra.*
[7] *See supra.*
[8] *See supra.*
[9] *See supra.*

80. By failing to pay Waxler and the FLSA Collective for their overtime hours at a rate not less than one and one-half times his regular rate of pay as required under the FLSA, AGT and Fisher violated 29 U.S.C. § 206 and 207, and Waxler and the FLSA Collective are entitled to the damages and compensation set forth in 29 U.S.C. § 216(b), including but not limited to, unpaid wages, liquidated damages, costs, and attorneys' fees.[10]

Plaintiff's FAC further alleges the following under WOWA (in pertinent part):

83. Waxler and the similarly situated employees worked more than forty hours in one or more workweeks.[11]

84. AGT and Fisher did not pay Waxler and the similarly situated employees at least one-and-a-half times their regular hourly rate for time worked in excess of forty hours per workweek.[12]

85. By not paying Waxler and the similarly situated employees proper overtime wages for time worked in excess of forty hours in a workweek, AGT and Fisher have willfully violated the FLSA.[13]

86. As a result of AGT and Fisher's willful violations, Waxler and the similarly situated employees are entitled to damages, including, but not limited to, unpaid wages, liquidated damages, costs, and attorneys' fees.[14]

87. Pursuant to M.C.L. 408.414a, unless an employee is exempt, "an employee shall receive compensation at not less than 1-1/2 times the regular rate at which the employee is employed for employment in a workweek in excess of 40 hours."[15]

88. Waxler received a regular rate of $20.00 an hour.[16]

89. By failing to pay Waxler and the similarly situated employees for their overtime hours at a rate not less than one and one-half times his regular rate of pay as required under the Michigan Workforce Opportunity Wage Act, AGT and Fisher violated the Act, and Waxler and the similarly situated employees are entitled to the

---

[10] *See supra.*

[11] *See supra.*

[12] *See supra.*

[13] *See supra.*

[14] *See supra.*

[15] *See supra.*

[16] *See supra.*

damages and compensation set forth in M.C.L. 408.419 including but not limited to, unpaid wages, liquidated damages, costs, and attorneys' fees.[17]

For the reasons set forth herein, dismissal is appropriate as the MCA exempts Plaintiff from the coverage set forth by the FLSA and WOWA.[18]

## III.   LEGAL STANDARD

To survive a Rule 12(b)(6) motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"[19] A motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) challenges the legal sufficiency of a complaint filed by the plaintiff. A plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do.[20] Finally, "[i]f 'a cause of action fails *as a matter of law*, regardless of whether the plaintiff's allegations are true,' then the Court must dismiss."[21]

## IV.   ARGUMENT

### A. Dismissal of Plaintiff's Claim for Violations of the FLSA is Appropriate Because the MCA Exempts Plaintiff from the Overtime Pay Requirements Imposed by the FLSA.

Plaintiff's Amended Complaint must identify 'more than labels and conclusions.'"[22] "In other words, a plaintiff must provide more than "formulaic recitation of the elements of a cause of

---

[17] *See supra.*

[18] Motor Carrier Act of 1934 (MCA) (49 U.S.C.S. § 31502); *see also* Fed. R. Civ. P. 12(b)(6).

[19] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 555, 570 (2007)); *see also Wilson v. Atlanticus Servs. Corp.,* No. 19-11672, 2020 WL 1164191, at *2 (E.D. Mich. Mar. 11, 2020) (Michelson, J.) (dismissing plaintiff's breach of contract and Elliott-Larsen Civil Rights Act claims).

[20] *Tennis v. Ford Motor Co*, 730 F Supp 437, 439 (W.D. Pa., 2010).

[21] *McKee v. General Motors LLC*, 376 F. Supp. 3d 751, 755 (E.D. Mich., 2019) (quoting *Winnett v. Caterpillar, Inc*., 553 F.3d 1000, 1005 (6th Cir. 2009)).

[22] *Sutka v Yazaki North America, Inc*, 256 F Supp 3d 677, 679 (ED Mich, 2017) quoting *Casias v. Wal-Mart Stores, Inc.*, 695 F.3d 428, 435 (6th Cir. 2012) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct.  [*680]  1955, 167 L. Ed. 2d 929 (2007)).

action" and his or her "[f]actual allegations must be enough to raise a right to relief above the speculative level.""[23] Further, the facts cannot make it merely possible that the defendant is liable; they must make it plausible[24] and must be enough to raise a right to relief above the speculative level.[25]

The FAC plainly states that "**unless exempt**" Defendants are in violation of the FLSA and WOWA. Notably, however, none of the claims pleaded within the FAC address any FLSA exemption.  Moreover, the FAC also improperly purports that *Williams v. Hooah Sec. Servs. Ltd. Liab. Co.*, No. 09-02376-STA-tmp, 2011 U.S. Dist. LEXIS 133412, at *25 (W.D. Tenn. Nov. 18, 2011) supports Plaintiff's FLSA claims by implying that this case involves the use of firearms, while not alleging any facts to support that Plaintiff and those similarly situated were required to carry firearms (as Defendants allege that firearms were not utilized).  Accordingly, this case has no applicability to the facts at issue here.[26]

Section 13(b)(1) of the FLSA provides an exemption from the overtime requirements imposed by the act for *any employee with respect to whom the Secretary of Transportation has power to establish qualifications and maximum hours of service pursuant to the provisions of*

---

[23] *Sutka v Yazaki North America, Inc*, 256 F. Supp. 3d 677, 680 (ED Mich, 2017) quoting *Twombly*, 550 U.S. at 555-56.

[24] *Agema v. City of Allegan*, 826 F.3d 326, 331 (6th Cir. 2016) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009)); *see also Sutka v. Yazaki North America, Inc*, 256 F. Supp. 3d. 677.

[25] *Bell Atlantic Corp v Twombly*, 550 US 544, 555; 127 S Ct 1955; 167 L Ed 2d 929, 940 (2007) citing see 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, pp 235-236 (3d ed. 2004) (hereinafter Wright & Miller) **("[T]he pleading must contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action"**), on the assumption that all the allegations in the complaint are true (even if doubtful in fact), *see, e.g., Swierkiewicz v. Sorema N. A.*, 534 U.S. 506, 508, n. 1, 122 S. Ct. 992, 152 L. Ed. 2d 1 (2002); *Neitzke v. Williams*, 490 U.S. 319, 327, 109 S. Ct. 1827, 104 L. Ed. 2d 338 (1989)

[26] The FAC's use of the *Williams* case to plead coverage under the FLSA, where the use of firearms was critical to the court's determination, puts into consideration whether the FAC pleads with proper candor to the Court.

*section 204 of the Motor Carrier Act of 1935.*[27] (emphasis added).  The Supreme Court has more

recently upheld that courts should apply a "fair reading" to the exemptions.[28]

The FAC alleges that Plaintiff's served as a Plaintiff's position as a 'secure transport driver'

thereby subjecting him to the purview of the MCA.

> The Motor Carriers Act (MCA) gives the Secretary of
> Transportation the authority to regulate the hours of an employee (1)
> who works for a private motor carrier that provides transportation in
> interstate commerce and (2) whose work activities affect the safety
> of operation of that motor carrier. 49 U.S.C.S. § 31502(b)(2),
> providing that the Secretary of Transportation has the power to
> specify the maximum number of hours for employees who work for
> private motor carriers when needed to promote safety of operation.
> *The MCA grants this authority to the Secretary of Transportation,
> thereby **exempting** the specified employees from the overtime-wage
> provisions of the Fair Labor Standards Act.*[29]

The MCA defines a 'motor carrier' as "a person providing motor vehicle transportation for

compensation."[30] To qualify for the exemption, an employee must be 1) employed by carriers

whose transportation of property by motor vehicle is subject to his jurisdiction under section 204

of the MCA;[31] and 2) be engaged in activities directly affecting the safety of operation of motor

vehicles in interstate or foreign commerce within the meaning of the Motor Carrier Act.[32] The test

for coverage and consequent exemption is whether a "substantial part" of the activities of the

---

[27] 29 CFR § 782.1 citing part II of the Interstate Commerce Act, 49 Stat. 546, as amended; 49 U.S.C. 304.

[28] *Holt v. City of Battle Creek*, 925 F.3d 905 (CA 6, 2019) quoting *Encino Motorcars, LLC v. Navarro*, 138 S. Ct. 1134, 1142, 200 L. Ed. 2d 433 (2018).

[29] *Vaughn v. Watkins Motor Lines, Inc.*, 291 F.3d 900, 901 (CA 6, 2002) (emphasis added).

[30] 49 USC § 13102(14).

[31] 29 CFR § 782.2 citing *Boutell v. Walling,* 327 U.S. 463; *Walling v. Casale,* 51 F. Supp. 520; and see Ex parte Nos. MC–2 and MC–3, in the Matter of Maximum Hours of Service of Motor Carrier Employees, 28 M.C.C. 125, 132)

[32] 29 CFR § 782.2 citing *United States v. American Trucking Assns.,* 310 U.S. 534; *Levinson v. Spector Motor Service,* 330 U.S. 649; Ex parte No. MC–28, 13 M.C.C. 481; Ex parte Nos. MC–2 and MC–3, 28 M.C.C. 125; *Walling v. Comet Carriers,* 151 F. (2d) 107 (C.A. 2).

individual employee *affect safety of operation* <u>in interstate commerce</u>.[33] Taking the allegations in

the FAC as true, Plaintiff asserts that his position falls within the purview of the FLSA (irrespective

of the nature of the goods being moved),[34] and requires him to engage in interstate commerce.

However, duties like driver, driver's helper, or loader typically fall under the description of jobs

that "affect the safety of operation of motor vehicles," irrespective of the classification of these

positions as independent contractors or employees.[35]

The FAC alleges that:

> 34. Waxler was hired as a secure transport driver. His duties were to
> drive to and from marijuana facilities throughout Michigan's Upper
> and Lower Peninsulas to transport marijuana.
>
> 40. AGT classified Waxler as an independent contractor.
>
> 71. Waxler and the FLSA collective were directly and regularly
> engaged in interstate commerce when they transported items on the
> interstate highways, purchased fuel, and transacted business by
> electronic financial transaction devices.
>
> 79. Waxler received a regular rate of $20 an hour.

Thus, taking the FAC's allegations in the light most favorable to Plaintiff, he was being

paid by a motor carrier to operate as a 'secure transport *driver*' to transport 'property' throughout

the state of Michigan pursuant to the jurisdiction of the MCA,[36] while engaging in activities

---

[33] *Benson v. Universal Ambulance Serv., Inc.*, 675 F.2d 783, 785 (CA 6, 1982).

[34] *Nat'l Federation of Indep Business v Sebelius*, 567 U.S. 519, 654; 132 S. Ct. 2566; 183 L. Ed. 2d 450, 540 (2012), stating "[i]ntrastate marijuana could no more be distinguished from interstate marijuana than, for example, endangered-species trophies obtained before the species was federally protected can be distinguished from trophies obtained afterwards--which made it necessary and proper to prohibit the sale of all such trophies, see *Andrus* v. *Allard*, 444 U.S. 51, 100 S. Ct. 318, 62 L. Ed. 2d 210 (1979).; *see also Gonzales v. Raich*, 545 U.S. 1 (June 2005); in which the Supreme Court issues an opinion stating that Congress has the power to regulate the intrastate market of marijuana despite the limitations of the CSA.

[35] *Barlow v. Logos Logistics, Inc.,* 34 F. Supp. 3d 686 (E.D. Mich. 2014).

[36] *Boutell v Walling*, 327 US 463, 470 n 8; 66 S Ct 631; 90 L Ed 786, 791 (1946) stating: "[t]hat we have power, under section 204 (a) of said part II, to establish qualifications and maximum

directly affecting the safety of operation of a motor vehicle.  Therefore, based on the allegations raised in the FAC, dismissal is warranted because Plaintiff's position is subject to the MCA exemption of the FLSA.

**B. Dismissal is Appropriate on Plaintiff's WOWA Claim in the FAC Because Plaintiff is Exempt under the FLSA.**

Plaintiff's claim under the WOWA is subject to dismissal because WOWA does not apply to an employee who is exempt from the minimum wage requirements under the FLSA.[37] MCL 408.420(1)(b) provides: <u>This act does not apply to an employee who is exempt from the minimum wage requirements of the fair labor standards act of 1938, 29 USC 201 to 219.</u> (emphasis added)

For the reasons stated herein, pursuant to MCL 408.420(1)(b), Plaintiff falls under the MCA exemption to the FLSA warranting dismissal of Plaintiff's WOWA claim.

## V.     <u>CONCLUSION</u>

For all the reasons stated herein, Plaintiff fails to state a claim upon which relief can be granted because Plaintiff fails to produce evidence beyond a speculative measure and a recitation of the elements and is unable to overcome the MCA exemption. Accordingly, Plaintiff cannot satisfy the requirements to maintain a claim for overtime compensation per the FLSA or WOWA.

WHEREFORE, Defendants respectfully request that this Honorable Court enter an Order to Dismiss this case with prejudice in favor of Defendants in addition to any other relief that this Court deems just and appropriate.

---

hours of service for the classes of employees covered by findings of fact numbered 1, 2, and 3 above, [mechanics, loaders and helpers employed by carriers] and that we have no such power over any other classes of employees, except drivers." *Ex parte No. MC-2*, 28 M. C. C. 125, 138-139. See also *Ex parte No. MC-2*, 3 M. C. C. 665, 667; 6 M. C. C. 557; 11 M. C. C. 203; *Ex parte No. MC-28, Jurisdiction Over Employees of Motor Carriers*, 13 M. C. C. 481, 488; *Ex parte No. MC-3, Motor Carrier Safety Regulations -- Private Carriers*, 23 M. C. C. 1, 8.
[37] *See* MCL 408.420 §10(1)(b).

Respectfully submitted,

Dated: October 30, 2023

*/s/ Christine L. Constantino, Jr.*
Christine L. Constantino, Jr. (P80719)
Scott F. Roberts Law, PLC
500 Temple Street Suite 2M
Detroit, MI 48201
(248) 234-4060
christine@scottrobertslaw.com

**CERTIFICATION AS TO WORD COUNT: 3,091**

**CERTIFICATE OF SERVICE**

I hereby certify that on October 30, 2023, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send notification of such filing to counsel of record.

*/s/Christine L. Constantino Jr.*
Christine L. Constantino, Jr. (P80719)