**UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

_____

| | |
|---|---|
| GAGE WAXLER, | Civil Action No.:1:23-cv-897 |
| _On behalf of himself and_ | |
| _those similarly situated_ | |
| Plaintiff, | HON. JANE M. BECKERING |
| vs. | |
| ALL GREEN TRANSPORT, LLC, | |
| a Michigan limited liability company | |
| and | |
| CHARLES E FISHER | |
| an individual. | |
| Defendants. | |

| | |
|---|---|
| Bradley K. Glazier (P35523) | Christine L, Constantino, (P80719) |
| Robert M. Howard (P80740) | Scott F. Roberts Law, PLC |
| BOS & GLAZIER, P.L.C. | Attorneys for Defendants |
| A division of Cunningham Dalman, P.C. | 500 Temple Street Suite 2M |
| Attorneys for Plaintiff | Detroit, MI 48201 |
| 940 Monroe Avenue, N.W., Suite 253 | (248) 234-4060 |
| Grand Rapids, MI 49503 | |
| (616) 458-6814 | |

## PLAINTIFF'S BRIEF IN OPPOSITION TO DEFENDANTS'

## MOTION TO DISMISS

**TABLE OF CONTENTS**

TABLE OF CONTENTS ……………………………………………………… ii

INDEX OF AUTHORITIES …………………………………………………………iii

I.    INTRODUCTION ……………………………………………………… 1

II.   ARGUMENT…………………………………………………………… 1

    A. This Court should only grant the defendants' motion if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations in the complaint………………………………………………… 2

    B. Relief may be granted under the set of facts included in the amended complaint because AGT failed to pay its drivers overtime, and the arguments asserting that AGT is exempt from paying overtime under the Motor Carrier Act are not supported by the facts or the law. ………………………………… 3

        1. The Motor Carrier Act's FMLA exemption does not apply to the claims in this matter…………………………………………………… 4

        2. To be exempt from the FLSA under the Motor Carrier Act employees must drive between states and AGT drivers drove only in Michigan… 4

        3. Even if AGT drivers did cross state lines, AGT would not qualify as exempt from the Motor Carrier Act because of the weight of some of AGT's delivery vans…………………………………………………… 6

    C. AGT misconstrues the authority cited in the complaint………………………… 8

    D. Rule 11 Sanctions may be appropriate against AGT…………………………… 9

IV.   CONCLUSION ……………………………………………………………... 11

# INDEX OF AUTHORITIES

## Cases

*Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009) .............. 2

*Baird v. Wagoner Transp. Co.*, 425 F.2d 407, 413 (6th Cir. 1970) ................................. 10

*Bassett v. Nat'l Collegiate Athletic Ass'n*, 528 F.3d 426 (6th Cir. 2008) ......................... 2

*Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 557, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007) ...................................................................................................................... 2

*Byers v. Care Transp., Inc.*, No. 13-CV-15174, 2015 U.S. Dist. LEXIS 128111, at *28 (E.D. Mich. Sep. 24, 2015) ....................................................................................... 8

*Collins v. Heritage Wine Cellars, Ltd.*, 589 F.3d 895, (7th Cir. 2009) ........................... 10

*Conley v. Gibson*, 355 U.S. 41, 45-46; 78 S. Ct. 99; 2 L.Ed.2d 80 (1957) ...................... 2

*Encino Motorcars, LLC v. Navarro*, 138 S. Ct. 1134, 1142, 200 L. Ed. 2d 433 (2018) ..... 1

*Gowey v. True Grip & Lighting*, 520 F. Supp. 3d 1013, 1022 (E.D. Tenn. 2021) .............. 8

*Guy v. Absopure Water Co., LLC*, No. 20-12734, 2023 U.S. Dist. LEXIS 8195, at *7 (E.D. Mich. May 10,023) ............................................................................................... 8

*Loew v. Regret, Inc.*, 590 F. Supp. 3d 1068, 1075-76 (S.D. Ohio 2022) ........................ 9

*Quality Edge, Inc. v. Rollex Corp.*, No. 1:10-CV-278, 2015 WL 4392980, at *1 (W.D. Mich. July 15, 2015) (J. Neff) ..................................................................................... 3

*Scheuer v. Rhodes*, 416 U.S. 232, 236; 94 S. Ct. 1683; 40 L.Ed.2d 90 (1974) .............. 2

*Sec'y of Labor v. Timberline S., LLC*, 925 F.3d 838, 844-45 (6th Cir. 2019) ............. 9, 10

*Thompson v. Bank of Am., N.A.*, 773 F.3d 741, 750 (6th Cir. 2014) ............................... 2

*Tony & Susan Alamo Found. v. Sec'y of Labor*, 471 U.S. 290, 296, 105 S. Ct. 1953, 85 L. Ed. 2d 278 (1985); *see Purdham*, 637 F.3d at 427 .................................................. 1

*Williams v. Hooah Sec. Servs. Ltd. Liab. Co.*, No. 09-02376-STA-tmp, 2011 U.S. Dist. LEXIS 133412, at *25 (W.D. Tenn. Nov. 18, 2011) ................................................. 8, 9

## Statutes

29 U.S.C. § 203(s)(1)(A) ................................................................................................ 3

29 U.S.C. 213(b)(1) ....................................................................................................... 6

49 U.S.C.S. § 13501 ................................................................................................. 10

Fair Labor Standards Act of 1938 (29 U.S.C. 207) ........................................................ 6

Motor Carrier Act, 1935 49 USCS § 31502." 29 U.S.C. § 213 (b)(1) 1, 3, 4, 5, 6, 8, 10, 11

SAFETEA-LU Technical Corrections Act of 2008 ("TCA"). Pub. L. No. 110-224, 112 Stat. 1572 (2008) .............................................................................................................. 6, 8

**Rules**

Fed. R. Civ. P. 11 ..................................................................................................... 9

Fed. R. Civ. P. 11(c)(1)(A) .......................................................................................... 9

Fed. R. Civ. P. 12 (b) ................................................................................................. 1

Fed. R. Civ. P. 12(b)(6) .............................................................................................. 2

**Regulations**

29 C.F.R 782.1 ....................................................................................................... 10

29 C.F.R. § 782.7 ...................................................................................................... 5

## I.    INTRODUCTION

This case involves employees of All Green Transport and Charles Fisher, collectively referred to as AGT in this brief.  AGT's employees were not paid overtime when they worked over 40 hours a week. AGT transports marijuana and cash for marijuana dispensaries and growers across the State of Michigan. AGT classified the drivers as independent contractors to avoid paying overtime. AGT has filed a motion to dismiss under Fed. R. Civ. P. 12 (b), arguing that the Motor Carrier Act (MCA) exemption to the Fair Labor Standards Act precludes the drivers' claims. But the MCA does not apply in this case because AGT's drivers never crossed state lines. They could not cross state lines because at the time of they were employed, all states surrounding Michigan criminalized marijuana production and sale. Because the MCA exemption does not apply, AGT's motion should be denied.

## II.    ARGUMENT

The FLSA is to be construed liberally, "recognizing that broad coverage is essential" to accomplish the statute's goals. *Tony & Susan Alamo Found. v. Sec'y of Labor*, 471 U.S. 290, 296, 105 S. Ct. 1953, 85 L. Ed. 2d 278 (1985); *see Purdham*, 637 F.3d at 427 ("The Supreme Court has cautioned that the FLSA 'must not be interpreted or applied in a narrow, grudging manner.'" (*quoting Tenn. Coal*, 321 U.S. at 597)). Courts are to give FLSA exemptions "a fair reading," as opposed to the narrow interpretation previously espoused by this and other circuits. *Encino Motorcars, LLC v. Navarro*, 138 S. Ct. 1134, 1142, 200 L. Ed. 2d 433 (2018).

**A.    This Court should only grant the defendants' motion if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations in the complaint.**

Fed. R. Civ. P. 12(b)(6) authorizes the court to dismiss a complaint if it "fails to state a claim upon which relief can be granted." In deciding a motion to dismiss for failure to state a claim, the court must construe the complaint in the light most favorable to the plaintiff and accept all well-pleaded factual allegations in the complaint as true. *Thompson v. Bank of Am., N.A.*, 773 F.3d 741, 750 (6th Cir. 2014). The Supreme Court has held that "a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46; 78 S. Ct. 99; 2 L.Ed.2d 80 (1957). Even if the plaintiff's chances of success are remote or unlikely, a motion to dismiss should be denied. *Scheuer v. Rhodes*, 416 U.S. 232, 236; 94 S. Ct. 1683; 40 L.Ed.2d 90 (1974).

To survive a motion to dismiss, the complaint must present "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 557, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009).

In *Bassett v. Nat'l Collegiate Athletic Ass'n*, 528 F.3d 426 (6th Cir. 2008), the court stated that "When a court is presented with a Rule 12(b)(6) motion, it may consider the Complaint and any exhibits attached thereto, public records, items appearing in the record of the case and exhibits attached to defendant's motion to dismiss so long as they are

referred to in the Complaint and are central to the claims contained therein." *Id.,* at 430.

"Matters outside the pleadings are not to be considered by a court in ruling on a 12(b)(6)

or 12(c) motion to dismiss." *Quality Edge, Inc. v. Rollex Corp.*, No. 1:10-CV-278, 2015

WL 4392980, at *1 (W.D. Mich. July 15, 2015) (J. Neff).

Here, the complaint has alleged that Waxler and similarly situated drivers worked

over 40 hours per week without being paid overtime, while delivering marijuana within the

state of Michigan. AGT has argued that the Motor Carrier Act precludes  plaintiff's  FLSA

claims. For the following reasons, AGT's motion to dismiss should be denied.

> **B.    Relief may be granted under the set of facts included in the amended
> complaint because AGT failed to pay its drivers overtime, and the
> arguments asserting that AGT is exempt from paying overtime under
> the Motor Carrier Act are not supported by the facts or the law.**

Plaintiff has alleged both "enterprise coverage" and "individual coverage" under

the FLSA.  In paragraph 7 of his first amended complaint, Waxler asserted: "AGT is an

"enterprise engaged in commerce or in the production of goods for commerce" as it had

"employees engaged in commerce or in the production of goods for commerce" and "is

an enterprise whose annual gross volume of sales made or business done is not less

than $500,000 . . . ."  29 U.S.C. § 203(s)(1)(A). As such, AGT was a covered enterprise

under the terms of the FLSA." (ECF #8, PageID. 44). Plaintiff alleged that AGT had annual

gross sales in excess of $500,000. (Id, ¶ 18, PageID. 45). AGT's brief does not dispute

that its annual gross volume of sales is not less than $500,000.

AGT does assert that "As a result of the Motor Carrier Act exemption to the FLSA,

the FAC [first amended complaint] fails to state a claim under which relief can be granted

as the MCA exempts Plaintiff from the coverage set forth by the FLSA and WOWA." (ECF

#10, PageID 60). For the reasons that follow, the Motor Carrier Act exemption for FLSA claims does not apply to this case.

> **1.      The Motor Carrier Act's FMLA exemption does not apply to the claims in this matter.**

AGT correctly states that the FLSA provides an exemption from the Act's overtime requirement for employees who are subject to the Motor Carrier Act ("MCA"). The FLSA states that the overtime requirements do not apply to "any employee with respect to whom the Secretary of Transportation has power to establish qualifications and maximum hours of service pursuant to the provisions of section 204 of the Motor Carrier Act, 1935 49 USCS § 31502." 29 U.S.C. § 213 (b)(1).

But AGT has not provided any support for its claim that it is engaged in interstate commerce within the meaning of the MCA. And even if AGT could demonstrate that the MCA exception to FLSA coverage applied, AGT still loses because of the small vehicle exception to the MCA. Because Waxler and other similarly situated employees often drove vehicles that weighed less than 10,000 pounds solely within Michigan, the employees qualify for the small vehicle exception to the MCA.

> **2.      To be exempt from the FLSA under the Motor Carrier Act employees must drive between states and AGT drivers drove only in Michigan.**

To be exempt under the MCA, an employee must be engaged in interstate commerce, within the meaning of the Motor Carrier Act. Interstate commerce is defined differently in the MCA and the FLSA.[1] A regulation applicable to the Wage and Hour Division of the Department of Labor, 29 C.F.R. § 782.7 states:

---

[1] The FLSA applies to employees who are "engaged in commerce or in the production of goods for commerce, or that has employees handling, selling, or otherwise working on

What constitutes such transportation in interstate or foreign commerce, sufficient to bring such an employee within the regulatory power of the Secretary of Transportation under section 204 of that act, is determined by definitions contained in the Motor Carrier Act itself. These definitions are, however, not identical with the definitions in the Fair Labor Standards Act which determine whether an employee is within the general coverage of the wage and hours provisions as an employee "engaged in (interstate or foreign) commerce." For this reason, the interstate commerce requirements of the section 13(b)(1) exemption are not necessarily met by establishing that an employee is "engaged in commerce" within the meaning of the Fair Labor Standards Act when performing activities as a driver, driver's helper, loader, or mechanic, where these activities are sufficient in other respects to bring him within the exemption.

*Id.*

The cases cited in 29 C.F.R. § 782.7, and referenced on page 8 of AGT's brief, establish that "Interstate commerce is defined by the MCA as "commerce between any place in a State and any place in another State or between places in the same State through another State." *Earle v. Brink's*, 54 F. Supp. 676, 678 (S.D.N.Y. 1943). The Secretary of Transportation only has jurisdiction regarding transportation "between (1) between a place in—(A) a State and a place in another State; (B) a State and another place in the same State through another State" 49 U.S.C.S. § 13501. As stated in the regulation, "Transportation within a single State is in interstate commerce within the meaning of the Fair Labor Standards Act where it forms a part of a "practical continuity of movement" across State lines from the point of origin to the point of destination." 29 CFR 782.7.

---

goods or materials that have been moved in or produced for commerce by any person." 29 U.S.C. § 203(s)(1)(A).

The Sixth Circuit has also held that drivers must cross state lines for the MCA exemption to the FLSA to apply. In *Sec'y of Labor v. Timberline S., LLC*, 925 F.3d 838 (6th Cir. 2019), the court rejected an argument for the MCA exemption where it was "undisputed that Timberline's truck drivers did not cross state lines." *Id*. at 851. "Absent any evidence that Timberline's drivers crossed state lines or transported goods as part of a practical continuity of movement in interstate commerce, the district court correctly found that none of Timberline's employees were exempt from the FLSA's overtime requirements under the MCA exemption." *Id*. Here, the plaintiff's complaint does not allege that any of AGT's drivers transported goods outside of Michigan and AGT does not argue otherwise. Because AGT did not transport goods across state lines, the MCA does not apply.

**3.    Even if AGT drivers did cross state lines, AGT would not qualify as exempt from the Motor Carrier Act because of the weight of some of AGT's delivery vans.**

The FLSA exempts employees who are subject to the MCA but the MCA does not cover employees who drive vehicles that weigh less than 10,000 pounds, under what is known as the MCA's Small-Vehicle Exception. The Small-Vehicle Exception is codified in Section 306 of the SAFETEA-LU Technical Corrections Act of 2008 ("TCA"). Pub. L. No. 110-224, 112 Stat. 1572 (2008). This section of the TCA provides, in relevant part, that, "beginning on the date of enactment of this Act, section 7 of the Fair Labor Standards Act of 1938 (29 U.S.C. 207) shall apply to a covered employee notwithstanding . . . 29 U.S.C. 213(b)(1) the motor carrier exemption." *Id*. § 306(a).

A "covered employee" is defined as an individual:

(1)    who is employed by a motor carrier or motor private carrier (as such terms are defined by section 13102 of title 49, United States Code, as amended by section 305);

(2)    whose work, in whole or in part, is defined--

   (A)    as that of a driver, driver's helper, loader, or mechanic; and

   (B)    as affecting the safety of operation of motor vehicles weighing 10,000 pounds or less in transportation on public highways in interstate or foreign commerce, except vehicles —

     (i)    designed or used to transport more than 8 passengers (including the driver) for compensation;

     (ii)    designed or used to transport more than 15 passengers (including the driver) and not used to transport passengers for compensation; or

     (iii)    used in transporting material found by the Secretary of Transportation to be hazardous under section 5103 of title 49, United States Code, and transported in a quantity requiring placarding under regulations prescribed by the Secretary under section 5103 of title 49, United States Code; and

(3)    who performs duties on motor vehicles **weighing 10,000 pounds or less.**

*Id.* § 306(c) emphasis added.

Discovery may be necessary to confirm the weight of the vehicles driven by AGT's employees. But plaintiff's counsel believes that AGT's drivers commonly drove transport or sprinter type vans to transport marijuana across the state. Such vehicles commonly weigh less than 10,000 pounds. (https://www.edmunds.com/mercedes-benz/sprinter/2023/features-specs/). And even if some of AGT's vehicles do weigh over 10,000 pounds, if the drivers use a vehicle weighing less than 10,000 pounds for part of their duties, the small vehicle exception applies.

For example, courts have found that drivers who use a small vehicle for only 1% of their duties qualify for the small vehicle exception, because the exception includes an employee "whose work in whole or in part" involves vehicles weighing less than 10,000 pounds. TCA, § 306(c). See also *Guy v. Absopure Water Co., LLC*, No. 20-12734, 2023 U.S. Dist. LEXIS 81954, at *7 (E.D. Mich. May 10,023)  ("Because there is no genuine dispute that more than a de minimis portion of Guy's work involved driving small vehicles, Guy is entitled to summary judgment with respect to that exception to the MCA exemption to the FLSA's overtime provisions.)" *Gowey v. True Grip & Lighting*, 520 F. Supp. 3d 1013, 1022 (E.D. Tenn. 2021); *Byers v. Care Transp., Inc.*, No. 13-CV-15174, 2015 U.S. Dist. LEXIS 128111, at *28 (E.D. Mich. Sep. 24, 2015)("Where an employee combines more than de minimis work involving a vehicle provided for in the small vehicle exception with work involving a vehicle not covered by that exception, the employee is entitled to overtime pay under the FLSA, at least during weeks where there is such combined work.").

### C.    AGT misconstrues the authority cited in the complaint.

AGT's brief suggests that plaintiff's complaint relies upon cases involving firearms. Plaintiff's First Amended Complaint, paragraph 73 states:

> Courts have held that the regular use of materials for commercial purposes, such as tools essential to an employee's job duties, falls within the enterprise coverage of the FLSA. *See Williams v. Hooah Sec. Servs. Ltd. Liab. Co.*, No. 09-02376-STA-tmp, 2011 U.S. Dist. LEXIS 133412, at *25 (W.D. Tenn. Nov. 18, 2011) (Security guards' carrying of a firearm produced out of state satisfied the enterprise requirements of the FLSA).

(ECF No.8, PageID.50).

The citation to the *Williams* case relates to the broad scope of the FLSA coverage under the definition of "commerce." The gun referenced in that case was considered a tool used for the security job. Because the tool was produced in interstate commerce, the court held that the security guard's employer was a covered entity. Similarly, in *Loew v. Regret, Inc.*, 590 F. Supp. 3d 1068, 1075-76 (S.D. Ohio 2022), the employees used a "Bobcat brand loader and trailer, Craftsman and Dewalt branded hand tools, and a Dodge brand truck" to complete pool installations. The court considered the use of these tools, produced in interstate commerce. to be sufficient to bring the employer within the coverage of the FLSA. In *Sec'y of Labor v. Timberline S., LLC*, 925 F.3d 838, 844-45 (6th Cir. 2019), the court found that the use of vehicles to harvest timber and transport were a substantial part of the business and sufficient to establish FLSA enterprise coverage, even though all of the employer's business occurred within a single state.

### D.    Rule 11 Sanctions may be appropriate against AGT.

AGT has requested Rule 11 sanctions against plaintiffs in this matter. (ECF No.10, PageID.58). For the reasons set forth above, no sanctions should be awarded against the plaintiff or plaintiff's counsel. Plaintiff properly pleaded his claims in his First Amended Complaint.

A party may seek reimbursement of its reasonable expenses and attorney's fees incurred in opposing a frivolous Rule 11 motion without filing a cross-motion. See Fed. R. Civ. P. 11(c)(1)(A) ("if warranted, the court may award to the party prevailing on the motion the reasonable *24 expenses and attorney's fees incurred in … opposing the motion"); Fed. R. Civ. P. 11, Advisory Committee Note to 1993 Amendments ("service of a cross motion under Rule 11 should rarely be needed since under the revision the court may

award to the person who prevails on a motion under Rule 11 … reasonable expenses, including attorney's fees, incurred in presenting or opposing the motion").

Sanctions may be appropriate against AGT for filing a motion that completely misstates the law. The case law is clear that to claim the MCA exemption, drivers must actually cross state lines in vehicles that weigh at least 10,000 pounds. The regulation at issue, 29 C.F.R 782.1, cited by AGT on ECF No.10, PageID.64, references the Interstate Commerce Act. Under the Interstate Commerce Act, jurisdiction over a motor carrier is only conferred upon the Secretary of Transportation if the transportation occurs "between a place in a state and another state."  49 U.S.C.S. § 13501. In *Baird v. Wagoner Transp. Co.*, 425 F.2d 407, 413 (6th Cir. 1970), the court found that truck drivers who worked wholly intrastate were not subject to the MCA.

In *Sec'y of Labor v. Timberline S., LLC*, 925 F.3d 838 (6th Cir. 2019), cited above, the court stated, "Courts have consistently interpreted this to mean that drivers must travel or transport the goods **across state lines**, or transport the goods in a 'practical continuity of movement' across State lines from the point of origin to the point of departure.'" *Id.,* at 851. (emphasis added). In *Collins v. Heritage Wine Cellars, Ltd.*, 589 F.3d 895, (7th Cir. 2009), the court stated that "the language of the Motor Carrier Act--"transported . . . between a place in a State and a place in another State"--does not indicate a congressional intention of regulating a purely intrastate shipment merely because of its effect on interstate commerce. The shipment itself must be in some sense interstate commerce (transportation between a place in a state and a place in another state)." *Id.*, at 898.

Cursory research would have revealed that the MCA exception to FLSA coverage did not apply in this case.  Cursory research would also reveal that AGT was not covered under the MCA exception because of the Small Vehicle Exception. Numerous court decisions across all circuits cite to this rule. The Department of Labor has also published a fact sheet related to the MCA and the Small Vehicle Exception.[2] The Fact Sheet also makes it clear that interstate commerce under the MCA means "across State or international lines." If AGT's counsel had performed even minimal research, plaintiff's counsel would not have needed to spend time drafting this brief and arguing against AGT's motion.

## IV.   CONCLUSION

For the forgoing reasons, plaintiff Gage Waxler and similarly situated plaintiffs more than adequately pleaded a willful violation of the FLSA. Plaintiffs respectfully request this court deny AGT's motion to dismiss and consider whether rule 11 sanctions should be awarded against counsel for AGT.

<div style="margin-left: 40%;">

BOS & GLAZIER, PLC
a division of CUNNINGHAM DALMAN, P.C.
Attorneys for Plaintiff

</div>

Date: November 17, 2023          By:     */s/ Bradley K. Glazier*
                                 Bradley K. Glazier (P35523)
                                 Robert M. Howard (P80740)

<div style="margin-left: 40%;">

BUSINESS ADDRESS:
940 Monroe Avenue, N.W., Suite 253
Grand Rapids, MI 49503
(616) 458-6814

</div>

---

[2] https://www.dol.gov/agencies/whd/fact-sheets/19-flsa-motor-carrier, last accessed November 13, 2023.