UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

GAGE WAXLER,
On behalf of himself and
those similarly situated

    Plaintiff,

v.

ALL GREEN TRANSPORT, LLC,
a Michigan limited liability company,

and

CHARLES E. FISHER,
an individual,

    Defendants.

Civil Action No.: 1:23-cv-897
Hon. Jane M. Beckering

**DEFENDANTS' REPLY IN SUPPORT OF MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT PURSUANT TO FED. R. CIV. P. 12 (b)(6)**

    **A. Several Federal Courts Determined that Cannabis Employers Are Not Able to Escape the Fair Labor Standards Act ("FLSA") Despite A Lack of Interstate Travel; Thus, it Would Be Inequitable to Permit the Intrastate Nature of Plaintiff's Employment to Allow Him to Escape the Exceptions to the FLSA *i.e.*, the Motor Carrier Act.**

The FAC alleges claims for violations of the Fair Labor Standards Act ("FLSA") and the Michigan Workforce Opportunity Wage Act ("WOWA"). The FAC alleges facts such as the use of fuel, interstate highways, and debit cards in an effort to meet the requirements for coverage under the FLSA as an individual and/or as an enterprise. Plaintiff's claims are subject to dismissal as detailed below.

The FLSA applies when an individual engages or, alternatively, when the enterprise as a whole engages, in services closely related and directly essential to the production of goods for

1

interstate commerce.[1] The FAC alleges facts such as the use of fuel, interstate highways, and debit cards in an attempt to plead the threshold for the FLSA's interstate commerce requirement. The federal courts consistently reject such a position. None of the aforementioned facts obviate the requirement that the employee or enterprise engage with a good that crosses state lines at any time *e.g.,* during manufacture, production, distribution, etc.[2]

However, in *Kenney v Helix TCS, Inc*, 939 F.3d 1106 (CA 10, 2019), an opinion from the 10th Circuit, the 10th Circuit held that employees engaged in employment relating to cannabis are not categorically excluded from FLSA protections because of the employer's business practices being federally prohibited.[3] Moreover, where the plaintiff seeks to enforce a generally applicable law in the context of a state-sanctioned cannabis business, however, federal courts have been more willing to provide relief.[4]

---

[1] 29 U.S.C. § 207; *Thorne v. All Restoration Servs.*, 448 F.3d 1264, 1266 (11th Cir. 2006); *see Kowalski v. Kowalski Heat Treating, Co.*, 920 F. Supp. 799, 803 (N.D. Ohio 1996); *see, generally,* U.S. Dep't. of Labor, Fact Sheet #14: Coverage Under the Fair Labor Standards Act (FLSA), https://www.dol.gov/agencies/whd/fact-sheets/14-flsa-coverage (July 2009).
[2] *See Tullis v. Shavin*, 230 F. Supp. 52 (E.D. Tenn., 1963) (If a substantial part of the employee's activities relates to goods whose movements in the channels of interstate commerce is established, he is covered by the Act.); *see also Mitchell v. Welcome Wagon, Inc.*, 139 F. Supp. 674 (W.D. Tenn., 1954).
[3] *See, e.g., Sullivan*, 274 U.S. at 263; *see also Greenwood v. Green Leaf Lab LLC*, 2017 U.S. Dist. LEXIS 125143, 2017 WL 3391671 at *3 (D. Or. July 13, 2017), *adopted by district court*, 2017 U.S. Dist. LEXIS 123958, 2017 WL 3391671 (D. Or. Aug. 7, 2017) ("[J]ust because an Employer is violating one federal law, does not give it license to violate another.") (internal citation omitted); *see also Donovan v. Burgett Greenhouses, Inc.*, 759 F.2d 1483, 1485 (10th Cir. 1985); *Bustamente*, 2017 U.S. Dist. LEXIS 123958, 2018 WL 2349507 at *1 (workers in an illegal gambling operation).
[4] *See Kenney v. Helix TCS, Inc.*, 939 F.3d 1106, 1112 (10th Cir. 2019) (applying Fair Labor Standards Act to cannabis business, because "case law has repeatedly confirmed that employers are not excused from complying with federal laws just because their business practices are federally prohibited"); *accord Greenwood v. Green Leaf Lab LLC*, No. 3:17-CV-00415-PK, 2017 U.S. Dist. LEXIS 125143, 2017 WL 3391671, at *3 (D. Or. July 13, 2017), *adopted*, No. 3:17-CV-00415-PK, 2017 U.S. Dist. LEXIS 123958, 2017 WL 3391647 (D. Or. Aug. 7, 2017); *see also Siva Enters. v. Ott*, No. 218-CV-06881CASGJSX, 2018 U.S. Dist. LEXIS 223854, 2018 WL 6844714, at *1-2, 5 (C.D. Cal. Nov. 5, 2018) (cannabis consulting firm

The only argument provided by Plaintiff is that his employment only required intrastate activities and, thus, is not governed by the Secretary of Transportation therefore prohibiting the applicability of the MCA. Plaintiff's use of the intrastate nature of Plaintiff's employment to support its FLSA claim while rejecting the applicability of the MCA is unjust, as it is clear that Plaintiff seeks to use the FLSA as both a sword and a shield.

If this Court were to review the FAC without the cannabis element, there is no argument that based on the intrastate nature of Plaintiff's employment, he would not be afforded the protections under the FLSA. As a result of the Controlled Substances Act, the Secretary of Transportation does not have the authority or jurisdiction over Plaintiff's vehicles, as they were used solely for intrastate activities in transporting cannabis. Accordingly, as federal courts have refused to afford cannabis employers an escape from the protections of the FLSA due to the intrastate nature of state-sanction cannabis employment because of the Controlled Substances Act, it is only equitable that the MCA apply to the case at hand despite Plaintiff's lack of interstate travel. Moreover, MCL 333.27503 provides the requirements for a secure transporter license in the state of Michigan, which provides in pertinent part:

> (4) A secure transporter shall comply with all of the following:
>
>> (a) Each driver transporting marihuana must have a chauffeur's license issued by this state.
>> (b) Each employee who has custody of marihuana or money that is related to a marihuana transaction shall not have been convicted of or released from incarceration for a felony under the laws of this state, any other state, or the United States within the past 5 years or have been convicted of a misdemeanor involving a controlled substance within the past 5 years.

---

could sue former employees for misappropriating information and conspiring to start a competing business, because the dispute "does not involve the actual production or sale of cannabis"). *Finch v Treto*, 606 F Supp 3d 811, 834 n 23 (ND Ill, 2022)

3

>           (c) Each vehicle must be operated with a 2-person crew with at least 1 individual remaining with the vehicle at all times during the transportation of marihuana.
>           (d) A route plan and manifest must be entered into the statewide monitoring system, and a copy must be carried in the transporting vehicle and presented to a law enforcement officer upon request.
>           (e) The marihuana must be transported in 1 or more sealed containers and not be accessible while in transit. (f) A secure transporting vehicle must not bear markings or other indication that it is carrying marihuana or a marihuana-infused product.
>
>       (5) A secure transporter is subject to administrative inspection by a law enforcement officer at any point during the transportation of marihuana to determine compliance with this act.

Michigan provides a statute which governs secured transport drivers responsible for the transportation of marijuana. The Secretary of Transportation does not have authority based on the intrastate nature of Plaintiff's employment and the Controlled Substances Act. Therefore, it is only just and equitable that Plaintiff's claims be dismissed pursuant to the MCA and, further, that any Rule 11 sanctions against Defendant be denied.

### B. Plaintiff's FAC Does Not Allege Facts to Establish Any Vehicles Qualify for the Small Vehicle Exception.

To survive a Rule 12(b)(6) motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face."[5] A motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) challenges the legal sufficiency of a complaint filed by the plaintiff. A plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not

---

[5] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 555, 570 (2007)); *see also Wilson v. Atlanticus Servs. Corp.*, No. 19-11672, 2020 WL 1164191, at *2 (E.D. Mich. Mar. 11, 2020) (Michelson, J.) (dismissing plaintiff's breach of contract and Elliott-Larsen Civil Rights Act claims).

4

do.[6] Plaintiff's Amended Complaint must identify 'more than labels and conclusions.'"[7] "In other words, a plaintiff must provide more than "formulaic recitation of the elements of a cause of action" and his or her "[f]actual allegations must be enough to raise a right to relief above the speculative level.""[8] Further, the facts cannot make it merely possible that the defendant is liable; they must make it plausible[9] and must be enough to raise a right to relief above the speculative level.[10]

Plaintiff's Response states that the MCA does "not cover employees who drive vehicles that weigh less than 10,000 pounds, under what is known as the MCA's Small-Vehicle Exception."[11] Further, "Discovery may be necessary to confirm the weight of the vehicles driven by AGT's employees. But plaintiff's counsel believes that AGT's drivers commonly drove transport or sprinter type vans to transport marijuana across the state."[12] "And even if some of AGT's vehicles do weigh over 10,000 pounds, if other drivers use a vehicle weighing less than 10,000 pounds for part of their duties, the small vehicle exception applies."[13]

---

[6] *Tennis v. Ford Motor Co*, 730 F Supp 2d 437, 439 (W.D. Pa., 2010).
[7] *Sutka v Yazaki North America, Inc*, 256 F Supp 3d 677, 679 (ED Mich, 2017) quoting *Casias v. Wal-Mart Stores, Inc.*, 695 F.3d 428, 435 (6th Cir. 2012) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007)).
[8] *Sutka v Yazaki North America, Inc*, 256 F. Supp. 3d 677, 680 (ED Mich, 2017) quoting *Twombly*, 550 U.S. at 555-56.
[9] *Agema v. City of Allegan*, 826 F.3d 326, 331 (6th Cir. 2016) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009)); *see also Sutka v. Yazaki North America, Inc*, 256 F. Supp. 3d. 677.
[10] *Bell Atlantic Corp v Twombly*, 550 US 544, 555; 127 S Ct 1955; 167 L Ed 2d 929, 940 (2007) citing see 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, pp 235-236 (3d ed. 2004) (hereinafter Wright & Miller) **("[T]he pleading must contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action**"), on the assumption that all the allegations in the complaint are true (even if doubtful in fact), *see, e.g., Swierkiewicz v. Sorema N. A.*, 534 U.S. 506, 508, n. 1, 122 S. Ct. 992, 152 L. Ed. 2d 1 (2002); *Neitzke v. Williams*, 490 U.S. 319, 327, 109 S. Ct. 1827, 104 L. Ed. 2d 338 (1989)
[11] Dkt. 11, p. 6
[12] Dkt. 11, p. 7
[13] *See supra.*

Plaintiff's Response demonstrates that his claims are merely *possible*, not plausible. Plaintiff's FAC does not allege any facts to support that Plaintiff's employment would even arguably fall under the MCA's Small-Vehicle Exception. As such, this is merely speculation by Plaintiff's counsel to support an unnecessary discovery process, which does not meet the threshold to overcome a Defendant's Motion.

### C. Rule 11 Sanctions Are Not Appropriate Against Defendant.

Prior to the filing of the FAC, the parties conducted several meet and confers regarding the intrastate nature of Plaintiff's employment during which Plaintiff relief on other federal courts to support its claims under the FLSA. Incredulously, now, Plaintiff attempts to seek Rule 11 sanctions for reason that the MCA requires interstate travel. Such an argument is meritless, as detailed within Defendant's Motion and this Reply.

WHEREFORE, Defendants respectfully request that this Honorable Court enter an Order to Dismiss this case with prejudice in favor of Defendants in addition to any other relief that this Court deems just and appropriate.

Respectfully submitted,

Dated: December 4, 2023        */s/ Christine L. Constantino, Jr.*
Christine L. Constantino, Jr. (P80719)
Scott F. Roberts Law, PLC
500 Temple Street Suite 2M
Detroit, MI 48201
(248) 234-4060
christine@scottrobertslaw.com

**CERTIFICATION AS TO WORD COUNT: 2,053**

## CERTIFICATE OF SERVICE

I hereby certify that on December 4, 2023, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send notification of such filing to counsel of record.

*/s/Christine L. Constantino Jr.*
Christine L. Constantino, Jr. (P80719)
